**IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA**

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**25SC-2060-B**

**Judge T. Russell McClelland**
**JUL 16, 2025 10:50 AM**

Greg G. Allen, Clerk
Forsyth County, Georgia

CIVIL ACTION NUMBER  25SC-2060-B

Andrade, Alcidez

**PLAINTIFF**

**VS.**

QUIKTRIP CORPORATION
XYZ Corporation
Doe, John

**DEFENDANTS**

**SUMMONS**

TO: QUIKTRIP CORPORATION

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

**Johnny Phillips**
**Law Office of Johnny Phillips**
**12 Jackson ST**
**NEWNAN, Georgia 30263**
**johnny@johnnyphillipslaw.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 16th day of July, 2025.**

Clerk of State Court

Greg G. Allen, Clerk
Forsyth County, Georgia

SC-1
Rev'd 10/24

DEFENDANT'S
EXHIBIT

**1**

Page 1 of 1

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☑ State Court of  Forsyth                County

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**25SC-2060-B**

Judge T. Russell McClelland
JUL 16, 2025 10:50 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

| For Clerk Use Only | |
|---|---|
| Date Filed 07-16-2025 | Case Number 25SC-2060-B |
| MM-DD-YYYY | |

**Plaintiff(s)**

Andrade, Alcidez

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

QUIKTRIP CORPORATION

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

XYZ Corporation

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Doe, John

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Plaintiff's Attorney  Phillips, Johnny            Bar Number  382150        Self-Represented ☐

**Check one case type and, if applicable, one sub-type in one box.**

| General Civil Cases | Domestic Relations Cases |
|---|---|
| ☐ **Automobile Tort** | ☐ **Adoption** |
| ☐ **Civil Appeal** | ☐ **Contempt** |
| ☐ **Contract** | ☐ **Non-payment of child support, medical support, or alimony** |
| ☐ **Contempt/Modification/Other Post-Judgment** | ☐ **Dissolution/Divorce/Separate Maintenance/Alimony** |
| ☐ **Garnishment** | ☐ **Family Violence Petition** |
| ☑ **General Tort** | ☐ **Modification** |
| ☐ **Habeas Corpus** | ☐ **Custody/Parenting Time/Visitation** |
| ☐ **Injunction/Mandamus/Other Writ** | ☐ **Paternity/Legitimation** |
| ☐ **Landlord/Tenant** | ☐ **Support – IV-D** |
| ☐ **Medical Malpractice Tort** | ☐ **Support – Private (non-IV-D)** |
| ☐ **Product Liability Tort** | ☐ **Other Domestic Relations** |
| ☐ **Real Property** | |
| ☐ **Restraining Petition** | |
| ☐ **Other General Civil** | |

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
            Case Number                                    Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____  Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**25SC-2060-B**

Judge T. Russell McClelland
JUL 16, 2025 10:50 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

ALCIDEZ ANDRADE,

      Plaintiff,

vs.

QUIKTRIP CORPORATION, JOHN
DOE & XYZ CORPORATION
    Defendants.

CIVIL ACTION

FILE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

COMES NOW ALCIDEZ ANDRADE, Plaintiff in the above styled action and files this

Complaint for Damages and shows the Court as follows:

1.

Defendant QUIKTRIP CORPORATION (hereinafter, "QUIKTRIP CORPORATION ")

is a Foreign Profit Corporation company existing under the laws of Oklahoma, whose principal

office address is 4705 S 129th E Ave, Tulsa, OK, 74134, who, at all times relevant to this action,

owned and/or operated the premises upon which ALCIDEZ ANDRADE (hereinafter, "Plaintiff")

sustained the injuries which form the basis of this action, and maintained an office and place of

doing business in Douglas County, GA, located at 2786 Chapel Hill Rd, Douglasville, GA

30135, and is subject to the jurisdiction of this Court as a joint tortfeasor.  Defendant QUIKTRIP

CORPORATION may be served through its registered agent The Corporation Company, located

at 410 Peachtree Parkway Suite 424, Cumming, Ga 30041.  Venue is proper.

2.

Defendant XYZ Corporation (hereinafter, "XYZ Corporation") occupied the position of

the unknown vendor of the premises where the subject incident occurred, and at all times

relevant to this action, was acting within the scope of employment for defendant QUIKTRIP

1

CORPORATION on the premises where Plaintiff sustained the injuries which form the basis of this action and whose acts and/or omissions are believed to have contributed to Plaintiff's claims for damages and is subject to the jurisdiction and venue of this Court.

3.

Defendant JOHN DOE, (hereinafter, "Doe") is an unidentified individual who, at all times relevant to this action, was acting within the scope of employment for Defendant QUIKTRIP CORPORATION and/or XYZ Corporation on the premises where Plaintiff sustained the injuries which form the basis of this action and whose acts and/or omissions contributed to Plaintiffs damages and is subject to the jurisdiction and venue of this Court.

**BACKGROUND**

4.

On or about April 5, 2024, Plaintiff was upon the premises of QuickTrip #758 (hereinafter, "the gas station") located at 2786 Chapel Hill Rd, Douglasville, GA 30135, a business owned and/or operated by Defendant QUIKTRIP CORPORATION and/or XYZ Corporation, as an invitee.

5.

Plaintiff, through no failure to exercise reasonable care for his own safety, was walking in and/or near the gas station premises and was injured as a result of slipping on a wet, slick and/or hazardous substance, upon information and belief to be spilled gas at the gas pump.

6.

There were no warning signs in the area where the wet, slick and/or hazardous substance was present, and Plaintiff's incident occurred.

2

7.

Defendant QUIKTRIP CORPORATION and/or XYZ Corporation had exclusive ownership, possession and control over the gas station at all times relevant to this action.

8.

As a result of Plaintiff's fall, she suffered bodily injury.

## COUNT I
## PREMISES LIABILITY

9.

Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 8 above as if fully stated herein.

10.

Plaintiff was an invitee on the gas station premises at the time of the incident.

11.

Defendant QUIKTRIP CORPORATION and/or XYZ Corporation owed a nondelegable duty of reasonable care in keeping the gas station premises safe for invitees such as Plaintiff.

12.

Plaintiff did not know and could not reasonably have learned of the danger posed by the wet, slick and/or hazardous substance without proper notice or warning.

13.

Defendant QUIKTRIP CORPORATION and/or XYZ Corporation had actual and/or constructive knowledge of the existence of the hazard, knew or should have known that the presence of the wet, slick and/or hazardous substance posed a danger to invitees on the gas station premises, and should have notified or warned invitees about this hazard.

3

14.

Defendant QUIKTRIP CORPORATION and/or XYZ Corporation was negligent in failing to properly inspect the area where the incident occurred, in failing to remedy the presence of the wet, slick and/or hazardous substance, in failing to take adequate measures to protect invitees, and in failing to keep the premises safe for invitees.

## COUNT II
## LIABILITY OF DEFENDANTS QUIKTRIP CORPORATION, XYZ CORPORATION AND JOHN DOE

15.

Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 14 above as if fully stated herein.

16.

At all times relevant to this action, QUIKTRIP CORPORATION, Defendant XYZ Corporation and Defendant Doe had a duty to reasonably inspect, clean and maintain the area where Plaintiff's incident occurred.

17.

Defendant QUIKTRIP CORPORATION, Defendant XYZ Corporation and Defendant Doe negligently failed to inspect, clean and maintain the area where Plaintiff's fall occurred and negligently failed to take reasonable measures to ensure the safety of invitees on the premises and warn invitees such as Plaintiff of the presence of wet, slick and/or hazardous substance.

## COUNT III
## VICARIOUS LIABILITY

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

At all times relevant to this action, QUIKTRIP CORPORATION, Defendant Doe, and other individuals responsible for inspecting, cleaning and maintaining the area where the Plaintiff's incident occurred were employed by Defendant QUIKTRIP CORPORATION and/or XYZ Corporation and were acting within the scope of their employment.

20.

Defendant Doe and/or XYZ Corporation is responsible for the conduct of these individuals under the doctrine of Respondeat Superior, agency or apparent agency.

## COUNT IV
## NEGLIGENT HIRING, TRAINING & SUPERVISION

21.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

22.

Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that invitees receive appropriate notice or warning of hazardous conditions on the gas station premises and in failing to train their employees concerning safety procedures for maintaining the gas station premises.

23.

Defendants were negligent in hiring, training and supervising their staff.

24.

As a direct and proximate result of the individual and joint negligence of Defendants, Plaintiff suffered bodily injuries, lost wages, and medical expenses, in an amount $57,847.17.

| | Provider: | Dates of Service: | Amount: |
|---|---|---|---|
| 1. | Ortho Atlanta | 4/10/2024 – 4/10/2024 | $ 80.00 |
| 2. | Barbour Orthopaedics & Spine | 4/4/2024 – 7/26/2024 | $ 43,006.37 |
| 3. | Quantum Radiology | 4/8/2024 – 4/8/2024 | $ 429.00 |
| 4. | The Bortolazzo Group, LLC | 4/8/2024 – 4/8/2024 | $ 935.00 |
| 5. | BenchMark Physical Therapy, Inc.-Lawrenceville | 5/14/2024 – 6/25/2024 | $ 4,556.30 |
| 6. | Wellstar Paulding Hospital | 4/8/2024 – 4/8/2024 | $ 8,840.50 |

25.

As a direct and proximate result of the Defendants' negligence, Plaintiff is entitled to an award of special damages for medical expenses and lost wages in an amount to be shown at trial, and general damages in an amount to be determined by this court against the Defendants, all in an amount TBD.

WHEREFORE, Plaintiff prays as follows:

a) That process be issued, and the Defendants be served with process as provided by law;

b) That Plaintiff have a trial by jury on all issues so triable;

c) That Plaintiff have a verdict and judgment against the Defendants to compensate Plaintiff for all special, general, compensatory and consequential damages in an amount

proven at trial to be adequate and just;

d) That all costs be cast against the Defendants; and

e) That this Court grant such other and further relief as it deems appropriate.


Respectfully submitted this 16th day of July, 2025.



/s/ R. Keith Prater
R. Keith Prater
Georgia State Bar No. 5866662
Attorney for Plaintiff


**Law Office of Johnny Phillips, PC**
12 Jackson Street
Newnan, Georgia 30263
P: (404) 487-0184
F: (404) 439-1190
Johnny@johnnyphillipslaw.com

7

**IN THE STATE COURT OF FORSYTH COUNTY**

**STATE OF GEORGIA**

ALCIDEZ ANDRADE,

     Plaintiff,

vs.

QUIKTRIP CORPORATION, JOHN DOE
& XYZ CORPORATION,

     Defendant.

CIVIL ACTION

FILE NO.:

## PLAINTIFF'S FIRST INTERROGATORIES TO
## DEFENDANT QUIKTRIP CORPORATION

COMES NOW, Plaintiff in the above styled action and hereby requires that Defendant QUIKTRIP CORPORATION (hereinafter, "QUIKTRIP CORPORATION") answer under oath and in writing the following interrogatories within forty-five (45) days from the date of service, i.e. the time provided for response pursuant to O.C.G.A. § 9-11-33, and that a copy of the answers be furnished to the Plaintiff's attorney, Law Offices of Johnny Phillips, Attn: R. Keith Prater, 12 Jackson Street, Newnan, Georgia 30263.

## I. INSTRUCTIONS

**NOTE A:** When used in these interrogatories, the phrase "Defendant", "individual in question", "you" or any synonym thereof are intended to and shall embrace and include, in addition to Defendant QUIKTRIP CORPORATION individually, its attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of Defendant QUIKTRIP CORPORATION.

**NOTE B:**    Throughout these interrogatories, wherever Defendant QUIKTRIP CORPORATION is requested to identify a communication of any type and such communication was oral, the following information should be furnished with regard to each such communication:

(a)    By whom it was made, and to whom;

(b)    The date upon which it was made;

(c)    Who else was present when it was made;

(d)    Whether it was recorded or described in any writing of any type and, if so, identification of each such writing in the manner indicated in Note C below.

**NOTE C:**    Throughout these interrogatories, wherever Defendant QUIKTRIP CORPORATION is requested to identify a communication, letter, document, memorandum, report or record of any type and such communication was written, the following information should be furnished:

(a)    A specific description of its nature (e.g., whether it is a letter, a memorandum, etc.);

(b)    By whom it was made and to whom it was addressed;

(c)    The date it was made; and

(d)    The name and address of the present custodian of the writing or, if not known, the name and address of the present custodian of a copy thereof.

**NOTE D:**    Throughout these interrogatories, wherever Defendant QUIKTRIP CORPORATION is requested to identify a person, the following information should be furnished:

(a)    The person's full name;

(b)    His or her present home and business address and telephone number at each address;

(c)    His or her occupation; and

(d)    His or her place of employment.

**NOTE E:**    These interrogatories shall be deemed continuing to the extent required by law.  You are required to (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters as well as the identity of each person expected to be called as a witness at trial, the subject matter on which he or she is expected to testify and the substance of his or her testimony; (2) amend any prior response if you subsequently learn that the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance a knowing concealment; and (3) provide such other supplementary responses required by law.

## II. INTERROGATORIES

### 1.

State the full name, address, title and position of the person answering these interrogatories and, if different, state the full name, address, employer, title and position of the person verifying the answer to these interrogatories, as well as the full name, address or last known address, employer, title and position of each person consulted by the person preparing your answers to these interrogatories.

### 2.

State the name and address of any person, including any party, who, to your knowledge, information or belief was an eyewitness to the incident complained of in this action; has some knowledge of any fact or circumstance upon which your defense is based; and has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of Plaintiff ALCIDEZ ANDRADE.

3.

State the full name, address or last known address, employer, title and position of each person not named in response to Interrogatory No. 2 who was present or claims to have been present at the scene immediately before or immediately after Plaintiff's incident.

4.

To your knowledge, information or belief, has any person identified in your answer to Interrogatory No. 2 and/or 3 given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

5.

Please identify each and every witness or employee who, at the time of the incident, was in the vicinity of the area of the where the subject incident occurred in the QT Store 758, located at 2786 Chapel Hill Rd, Douglasville, GA 30135 and owned by Defendant QUIKTRIP CORPORATION (hereinafter, "the gas station") where Plaintiff's incident occurred. In regard to each employee, please state the individual's name, address, telephone number, shift worked, and job duties.

6.

State whether there is or was in existence any policy of liability insurance that would or might inure to the benefit of Plaintiff, by providing for payment of a part or all of any judgment rendered in favor of Plaintiff against the Defendants by reason of the incident described in the complaint, and if the answer is in the affirmative, state as to each such policy of insurance known or believed to exist by you the name and address of the insurer on each such policy; the name and

address of each named insured on each such policy; the relationship, if any, between each named insured on each such policy and the defendant; the policy number of each such policy; the name and address of any person who may be an additional insured under such policy by reason of the incident described in the complaint, and the relationship, if any, between such additional insured and the defendants in this case; and the limits of liability in such policy as might be applied to Plaintiff by reason of any one accident.

7.

Please identify any entity or person with any financial interest, lease or ownership interest in the premises on which Plaintiff's incident occurred on or about April 5, 2024.

8.

State whether you, your attorneys, or agents thereof have any statement, or any notes or memoranda of any statements, from any witness or person who claims to have witnessed or has knowledge or claims to have knowledge of Plaintiff's incident, including any statement made by Plaintiff.

9.

State whether any movies, videotapes or other photographs or other recordings were taken of Plaintiff or of the scene of the incident at any time prior, during or subsequent to the time of Plaintiff's incident. If so, state the date of each such movie, videotape, photograph or recording; the name, address or last known address, employer, title and position of each person who took or had control over each such movie, videotape, photograph or recording; and the name, address or last known address, employer, title and position of each person having possession of each such movie, videotape, photograph or other recording or any negative thereof.

10.

Has any other personal injury or slip and fall accident occurred in the gas station, either during the five (5) years preceding Plaintiff's incident, or any time during or after the date of Plaintiff's incident? If so, for each such accident or personal injury, state the date and time it occurred; a brief description of how it occurred; the name, or other means of identification and address of each person involved in each such occurrence; the location at which it occurred; and any remedial actions taken by Defendant QUIKTRIP CORPORATION subsequent to each occurrence.

11.

At the time of Plaintiff's incident, did Defendant QUIKTRIP CORPORATION have any procedures in place, written or unwritten, formal or informal, for the inspection, cleaning and maintenance of the premises complained of, specifically the subject department of the gas station? If so, state the name, address, employer and position of each person having custody of each such written procedures. For all such procedures, whether written or oral, describe the manner in which they were communicated, the names and addresses or last known addresses of all persons to whom they were communicated; and the name, address, employer, title and position of each person who had knowledge of said procedures prior to the time of Plaintiff's incident.

12.

Was Defendant QUIKTRIP CORPORATION or any of its representatives notified orally, in writing, or otherwise of Plaintiff's incident? If so, state whether Defendant QUIKTRIP CORPORATION was informed of the fall by someone other than an employee of said Defendant, and if so, state the name, address or last known address, employer, title and position and phone

number of each person who informed Defendant QUIKTRIP CORPORATION and the date on which the information was received. Additionally, state whether there is or was any record of the receipt of such information, and if so, state the name, address or last known address, employer, title and position of each such person and agency in possession of such records, and the title or other identification or description of the content of such record.

13.

State whether Defendant QUIKTRIP CORPORATION made any changes in its procedures for the inspection, cleaning and maintenance of its premises subsequent to Plaintiff's incident. If so, state in detail what changes were made.

14.

Please identify (in accordance with Instruction Note D) each person working on the premises with any duties for the area where this incident occurred on April 5, 2024.

15.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

16.

Do you contend that Plaintiff caused or contributed to the incident in question? If so, state with particularity each and every contention made in this regard.

17.

If Defendant QUIKTRIP CORPORATION has been a party to any personal injury lawsuit (other than this suit) please describe each such suit, specifying the nature of the case, the date of each such suit, the court in which it was brought, the county and state in which the case was filed, the names of other parties to each such suit and the ultimate disposition of each such suit, whether

by judgment, settlement or otherwise.

18.

Please identify each person whom you expect to call as an expert witness at trial. State the subject matter on which such expert is expected to testify and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

19.

If Defendant QUIKTRIP CORPORATION has retained or employed an expert in anticipation of litigation or preparation for trial and expect to call such expert as a witness at trial, please identify and state specifically the name and address of each such expert.

20.

Did Defendant QUIKTRIP CORPORATION or any person on said Defendant's behalf, after learning of wet, slick and/or hazardous substance take any action to remove or remedy the hazard, or to warn invitees of its presence?

21.

Please describe Plaintiff's incident, including any and all incidents and occurrences leading to Plaintiff's incident and/or wet, slick and/or hazardous substance near the area where the subject incident occurred and Defendant QUIKTRIP CORPORATION subsequent actions following Plaintiff's incident through and including the time when Plaintiff left the subject premises on April 5, 2024.

22.

State the name, address, employer, title and position of each person who was scheduled to work at the time of Plaintiff's incident and for each such person, state a brief description of their

employment duties on said date; the employment relationship between said employee and Defendant QUIKTRIP CORPORATION; a description of any training said employee had in preparation for said employment upon the premises where Plaintiff's incident occurred; whether said employee witnessed Plaintiff's incident; what said employee claims to have seen or heard at the time of, during, or after Plaintiff's incident; and whether said employee gave a statement, either oral or written, to Defendant QUIKTRIP CORPORATION or any representative of said defendant regarding Plaintiff's incident.

23.

Describe all records that were made or kept which reflect the inspection, cleaning and maintenance of the premises complained of and in particular the subject area of the gas station, and for each such record, state the title or other identification of each such record, a description of the content of each such record, and the name, address or last known address, employer, title and position of each person having custody of such records.

24.

Please state in detail any policies and procedures concerning the inspection, cleaning or maintenance of the area where the subject incident occurred.

25.

Please state what action(s), performance and/or maintenance was required to correct and/or repair the area complained of.

26.

Please state the number of times the area of Plaintiff's incident was inspected prior to the Plaintiff's incident on or about April 5, 2024.

27.

State when the last time the area of Plaintiff's incident was inspected prior to Plaintiff's incident and identify (in accordance with Instruction Note D) who conducted such inspection.

28.

Have there ever been any complaints made about the area where this incident occurred? If so, please state the date(s) of each complaint, the person(s) making each complaint, the nature of each complaint, and any action taken as a result of each complaint.

29.

Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection or security of the property where the Plaintiffs incident occurred as described in the complaint? If so, state the identity of the contracting parties, the address and telephone number of the contracting parties, and the duties of the contracting parties.

30.

Please describe any inspection procedures utilized in regard to the area where this incident occurred.

31.

Please state whether Defendant QUIKTRIP CORPORATION, as named in the Plaintiff's Complaint, is the correct party to defend this action, and identify (in accordance with Instruction Note D) any and all proper parties to defend this action.

32.

If Defendant QUIKTRIP CORPORATION or anyone acting on its behalf has knowledge of Plaintiff's incident, please describe Plaintiff's incident, including all actions taken by Defendant

QUIKTRIP CORPORATION relevant to the area complained of for one hour before and after the

Plaintiff's incident.

Respectfully submitted this 16th day of July, 2025.

/s/ R. Keith Prater
R. Keith Prater
Georgia State Bar No. 586662
Attorney for Plaintiff

**Law Office of Johnny Phillips, PC**
12 Jackson Street
Newnan, Georgia 30263
P: (404) 487-0184
F: (404) 439-1190
keith@johnnyphillipslaw.com

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

ALCIDEZ ANDRADE,

      Plaintiff,

vs.

QUIKTRIP CORPORATION, JOHN DOE
& XYZ CORPORATION,

      Defendant.

CIVIL ACTION

FILE NO.:

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT QUIKTRIP CORPORATION

COMES NOW, Plaintiff in the above-styled civil action, and files this Request for Production of Documents to Defendant QUIKTRIP CORPORATION (hereinafter, "QUIKTRIP CORPORATION") pursuant to O.C.G.A. Section 9-11-34. Defendant is required to comply with said Code section and produce a true and correct copy of each of the following documents to Plaintiff's attorney, Law Office of Johnny Phillips, PC, Attn: R. Keith Prater, 12 Jackson Street, Newnan, Georgia 30263, forty-five (45) days from the date of service.

### I. INSTRUCTIONS

Plaintiff requests that, along with the production of documents, a written response be made detailing the documents produced and any documents covered by these requests which Defendant QUIKTRIP CORPORATION objects to producing.

**NOTE A:** These requests are continuous and should be supplemented if additional information is received at a later date.

**NOTE B:** When used in these requests, the phrase "Defendant", "individual in question", "you" or any synonym thereof are intended to and shall embrace and include, in addition to Defendant QUIKTRIP CORPORATION individually, its attorneys, agents, servants,

employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of said Defendant.

**NOTE C:**     If documents requested are not in Defendant QUIKTRIP CORPORATION possession, please state as follows:

(1)     name of person who has possession or knowledge of whereabouts;

(2)     business address of such;

(3)     business telephone number of such.

**NOTE D:**     If you claim that a privilege applies to any document sought by this request, then state the factual and legal basis for the claimed privilege and identify the document (by date, author, recipient, general subject matter) so that it can be described in a motion to compel.

## II. REQUESTS FOR PRODUCTION OF DOCUMENTS

1.

Please produce any and all insurance policies providing coverage for the incident complained of in Plaintiff's Complaint.

2.

Please produce any and all statements taken from any persons who witnessed or claimed to have witnessed Plaintiff's incident.

3.

Please produce any and all statements, notes or memoranda of any statements from any persons having knowledge or claiming to have knowledge of Plaintiff's incident or Plaintiff's resulting injuries.

4.

Please produce any and all movies, videotapes or other photographs or other recordings of

Plaintiff's incident and/or the scene of Plaintiff's incident, which were taken at any time prior, during or subsequent to Plaintiff's incident.

5.

Produce any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning Plaintiff.

6.

Please produce any and all documentation of any other personal injuries and slip and fall accidents at the gas station located at 2786 Chapel Hill Rd, Douglasville, GA 30135 and owned by Defendant QUIKTRIP CORPORATION and/or XYZ Corporation (hereinafter, "the gas station").

7.

Please produce any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure concerning the inspection, cleaning or maintenance of the area where this incident occurred.

8.

Please produce any and all policy and procedure manuals given to the Defendants' employees regarding inspection, cleaning, and maintenance on the premises of the gas station.

9.

Please produce any and all documentation of Plaintiff's incident which is in Defendant QUIKTRIP CORPORATION possession, including, but not limited to said Defendant's first notice of Plaintiff's incident.

10.

Please produce any and all reports, whether written or otherwise recorded, made by any

expert or experts who has been retained or otherwise employed by Defendant QUIKTRIP CORPORATION in anticipation of litigation or preparation for trial in this action.

11.

Please produce all surveillance movies, photographs, recordings or other visual documentation which have been made of Plaintiff.

12.

Please produce any and all documents reflecting any change in procedure responsive to Plaintiff's Interrogatory No. 13.

13.

Please produce all records of inspection, cleaning and/or maintenance of the gas station for 24 hours prior to and subsequent to Plaintiff's incident and all documents responsive to Plaintiff's Interrogatory Nos. 26 and 27.

14.

Please produce any daily, weekly, monthly or annual inspection reports or audits or any other inspection, cleaning and/or maintenance reports for the area where this incident occurred for the past five years.

15.

Please produce any documents obtained through third party requests and subpoenas.

16.

Please produce all documents identifying Defendant QUIKTRIP CORPORATION employees on the premises of the gas station for the day of the incident and the one-week periods prior to and subsequent to the incident.

17.

Please produce any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to Interrogatory No. 28.

18.

Please produce any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area where the subject incident occurred.

19.

Produce any and all leases or contracts with outside contractors or agencies for performance of maintenance services in the area where Plaintiff's incident occurred.

20.

Please produce any invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where this incident occurred in the last five years.

21.

Please produce all surveillance movies, photographs, recordings or other visual documentation which have been made of the area of Plaintiff's incident on or about April 5, 2024.

22.

Please produce any and all documents, evidence of writing, or any other tangible thing which Defendant QUIKTRIP CORPORATION or anyone on said Defendant's behalf referred to in any form or fashion in answering or attempting to answer Plaintiff's First Interrogatories to Defendant QUIKTRIP CORPORATION.


Respectfully submitted this 16th day of July, 2025.

/s/ R. Keith Prater
R. Keith Prater
Georgia State Bar No. 586662
Attorney for Plaintiff

**Law Office of Johnny Phillips, PC**
12 Jackson Street
Newnan, Georgia 30263
P: (404) 487-0184
F: (404) 439-1190
keith@johnnyphillipslaw.com

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

ALCIDEZ ANDRADE,

      Plaintiff,

vs.

QUIKTRIP CORPORATION, JOHN DOE
& XYZ CORPORATION,

      Defendant.

CIVIL ACTION

FILE NO.:

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO
### DEFENDANT QUIKTRIP CORPORATION

In compliance with O.C.G.A. § 9-11-36, the Defendant QUIKTRIP CORPORATION (hereinafter, "QUIKTRIP CORPORATION"), is required to admit the truth of the separately listed matters of fact, and the genuineness of the attached documents forty-five (45) days after service of this request. As required by statute, Defendant QUIKTRIP CORPORATION is required to respond to this request in writing.

Defendant QUIKTRIP CORPORATION is specifically reminded that the separately listed statements of facts are deemed admitted unless, within forty-five (45) days after service of this First Request for Admissions to Defendant QUIKTRIP CORPORATION, said Defendant serves a written answer, or objection, addressed to each fact.

This request for admissions is subject to and is deemed to include and incorporate the following definitions:

### I. DEFINITIONS

1. As used herein, the word "document" shall mean, in addition to its common meaning, the original and all copies of any writing or record of every type and description, however produced or reproduced, including, but without limitation, correspondence, contracts, proposals,

memoranda, tapes, stenographic or handwritten notes, studies, publications, minutes, books, pamphlets, pictures, drawings, photographs, films, microfilms, voice or sound recordings, magnetic recordings, maps, reports, surveys, statistical compilations, tax returns, financial statements, accounting or other financial papers, invoices, receipts, checks, check stubs, accounts, deposit trips, ledgers, calendars, diaries, appointment books, time-keeping records, computer or electronic mail message ("e-mail"), and expense account records.

2.      The word "person" means any individual, partnership, corporation, division, firm, business or other entity.

3.      As used herein, the phrases "relating to" and "relate to" shall be construed in their broadest sense and shall mean describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, whether in whole or in part.

4.      As used herein, the phrase "refer to" and "reference" shall be construed in their broadest sense and shall mean describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, whether in whole or in part.

5.      As used herein, the word "all" shall be deemed to include and encompass the words "each," "every" and "any."

6.      With regard to the terms defined herein, all terms in the singular shall include the plural, and all terms used in the plural shall include the singular.

7.      The conjunction "and/or" shall be interpreted in every instance both conjunctively and disjunctively.

8.      As used herein, the phrase "the gas station" means the premises on which Plaintiff's

subject incident occurred, specifically the premises located at 2786 Chapel Hill Rd, Douglasville, GA 30135and owned by Defendant QUIKTRIP CORPORATION.

## II. ADMISSIONS

1.

On or about April 5, 2024, Defendant QUIKTRIP CORPORATION was on notice that a wet, slick and/or hazardous substance was present in the gas station.

2.

Defendant QUIKTRIP CORPORATION should have warned invitees of the wet, slick and/or hazardous substance which was present in the area where the subject incident occurred on April 5, 2024.

3.

Defendant QUIKTRIP CORPORATION negligently failed to warn its invitees of the hazardous condition which was present on the premises complained of in Plaintiff's Complaint.

4.

Defendant QUIKTRIP CORPORATION failed to properly maintain the area where Plaintiff's incident occurred so as to be safe for invitees.

5.

Defendant QUIKTRIP CORPORATION failed to inspect the area where Plaintiff's incident occurred for at least fifteen minutes prior to the Plaintiff's incident.

6.

An employee of Defendant QUIKTRIP CORPORATION caused the presence of the wet, slick and/or hazardous substance in the area where Plaintiff's incident occurred.

7.

Defendant QUIKTRIP CORPORATION negligently failed to properly train its employees concerning safety procedures and inspecting, cleaning, and maintaining the premises.

8.

Defendant QUIKTRIP CORPORATION negligently failed to adopt or enforce safety policies and procedures to protect invitees from hazardous conditions such as those which caused Plaintiff's incident on April 5, 2024.

9.

On or about April 5, 2024, Plaintiff's fall was directly caused by the presence of a vacuum and/or improperly placed object.

10.

The Plaintiff's incident was not the fault of any person not a party to this lawsuit.

11.

The Plaintiff did not contribute to causing the incident in any manner.

12.

The incident which gives rise to this suit was directly caused by the joint negligence of Defendants.

13.

The incident which gives rise to this suit was directly caused by the negligence of this Defendant.

14.

The Plaintiff sustained injuries as a direct result of the incident which occurred on or about April 5, 2024.

15.

The Plaintiff experienced pain and suffering as a direct result of the incident which occurred on or about April 5, 2024.

16.

The Plaintiff is entitled to recover damages from Defendant QUIKTRIP CORPORATION for her personal injuries.

17.

The Plaintiff is entitled to recover from Defendant QUIKTRIP CORPORATION for her reasonable and necessary medical expenses and lost wages.

18.

The Plaintiff's medical expenses and lost wages itemized in his Complaint and served contemporaneously with these requests are reasonable and necessary.

19.

Defendant QUIKTRIP CORPORATION has been properly served with process in this action.

20.

Defendant QUIKTRIP CORPORATION is subject to the jurisdiction and venue of this court.

Respectfully submitted this 16th day of July, 2025.

/s/ R. Keith Prater
R. Keith Prater
Georgia State Bar No. 586662
Attorney for Plaintiff

**Law Office of Johnny Phillips, PC**
12 Jackson Street
Newnan, Georgia 30263
P: (404) 487-0184
F: (404) 439-1190
keith@johnnyphillipslaw.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
8/25/2025 12:53 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
25SC-2060-B
McClelland, T. Russell, III

## AFFIDAVIT OF SERVICE

| | | | |
|---|---|---|---|
| **Case:** | **Court:** | **County:** | **Job:** |
| 25SC-2060-B | STATE COURT OF FORSYTH COUNTY | FORSYTH | 13801119 |
| **Plaintiff / Petitioner:** | | **Defendant / Respondent:** | |
| ALCIDEZ ANDRADE | | QUIKTRIP CORPORATION, JOHN DOE & XYZ CORPORATION | |
| **Received by:** | | **For:** | |
| Frank L. Swindle | | LAW OFFICE OF JOHNNY PHILLIPS, PC | |

**To be served upon:**
QUIKTRIP CORPORATION c/o RA: The Corporation Company

I, FRANK L. SWINDLE - PROCESS SERVER, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| **Recipient Name / Address:** | DAVID HOLCOMB, 410 PEACHTREE PARKWAY SUITE 4245, CUMMING, GA 30041 |
| **Manner of Service:** | Registered Agent, Jul 28, 2025, 11:37 am EDT |
| **Documents:** | SUMMONS AND COMPLAINT FOR DAMAGES JURY TRIAL DEMANDED, PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT QUIKTRIP CORPORATION, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT QUIKTRIP CORPORATION, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT QUIKTRIP CORPORATION, GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM |

**Additional Comments:**
1) Successful Attempt: Jul 28, 2025, 11:37 am EDT at 410 PEACHTREE PARKWAY SUITE 4245, CUMMING, GA 30041 received by DAVID HOLCOMB.

| | |
|---|---|
| 7/29/25 | Subscribed and sworn to before me by the affiant who is personally known to me. |
| FRANK L. SWINDLE - PROCESS SERVER    **Date** | Notary Public |
| | 7/29/25          10/22/26 |
| Frank L. Swindle | **Date**          **Commission Expires** |
| 4002 Hwy. 78 West 530-251 | |
| Snellville, GA 30039 | |
| 404-519-8986 | |

HAKIMAH HUDSON
MY COMMISSION EXPIRES
NOTARY
PUBLIC
OCTOBER 22, 2026
DEKALB COUNTY, GEORGIA

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
8/25/2025 12:53 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
25SC-2060-B
McClelland, T. Russell, III

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

ALCIDEZ ANDRADE,

      Plaintiff,

vs.

QUIKTRIP CORPORATION, JOHN DOE
& XYZ CORPORATION,

      Defendants.

CIVIL ACTION

FILE NO.: 25SC-2060-B

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

I HEREBY CERTIFY that on July 28, 2025, I have served a copy of Plaintiff's First Interrogatories, Request to Produce Documents and Request for Admissions to Defendant QUIKTRIP CORPORATION upon all parties in this matter by including a true and correct copy of same which is to be served contemporaneously with the complaint and summons by a Deputy of the Sheriff's Office or other proper Process Server, as approved by the Georgia Civil Practice Act, who is to effectuate service at the following address:

QUIKTRIP CORPORATION
Attn: The Corporation Company
410 Peachtree Parkway, Suite 4245
Cumming, GA 30041

Respectfully submitted this 25th day of August, 2025.

/s/ Johnny G. Phillips
Johnny G. Phillips
Georgia State Bar No. 382150
Attorney for Plaintiff

**Law Office of Johnny Phillips, PC**
12 Jackson Street
Newnan, Georgia 30263
P: (404) 487-0184
F: (404) 439-1190
Johnny@johnnyphillipslaw.com

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**25SC-2060-B**

Judge T. Russell McClelland
AUG 27, 2025 08:03 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **ALCIDEZ ANDRADE,** )<br><br>**Plaintiff,** )<br><br>**v.** )<br><br>**QUIKTRIP CORPORATION, JOHN DOE & XYZ CORPORATION,** )<br><br>**Defendants.** ) | **CIVIL ACTION**<br>**FILE NO.** <u>25SC-2060-B</u> |

### DEFENDANT QUIKTRIP CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, Defendant **QUIKTRIP CORPORATION** a Defendant in the above-styled civil action, and files this, its Answer and Affirmative Defenses to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

No act or omission by Defendant either proximately caused or contributed to whatever injury or damage Plaintiff claim to have sustained.

### SECOND DEFENSE

This Defendant has breached no duty owed to the Plaintiff.

### THIRD DEFENSE

This Defendant shows that Plaintiff's alleged injuries, if any, were the result of Plaintiff's failure to exercise ordinary care.

### FOURTH DEFENSE

As discovery has not yet begun, this Defendant specifically reserves the right to raise any additional claims or affirmative defenses which may be discovered.  This Defendant hereby

1

incorporates by reference all affirmative defenses set forth in O.C.G.A. § 9-11-8(c) to the extent applicable. Defenses asserted herein are based upon the initial theories of defense counsel. This Defendant further specifically reserves the right to withdraw or add any defenses to conform to the evidence presented at the time of trial.

## FIFTH DEFENSE

As a Next Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

### 1.

Defendant denies the allegations as stated in Paragraph 1 of Plaintiff's Complaint.

### 2.

Defendant can neither admit nor deny the allegations contained in Paragraph 2 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

### 3.

Defendant can neither admit nor deny the allegations contained in Paragraph 3 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

## BACKGROUND

### 4.

Defendant can neither admit nor deny the allegations contained in Paragraph 4 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

4911-0710-9981, v. 2

5.

Defendant denies the allegations contained within Paragraph 5 of Plaintiff's Complaint.

6.

Defendant denies the allegations contained within Paragraph 6 of Plaintiff's Complaint.

7.

Defendant can neither admit nor deny the allegations contained in Paragraph 7 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

8.

Defendant can neither admit nor deny the allegations contained in Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

## <u>COUNT I – PREMISES LIABILITY</u>

9.

In response to Paragraph 9 of Plaintiffs' Complaint, this Defendant incorporates by reference each response to Paragraphs 1 through 8 of Plaintiff's Complaint as if each answer was fully set forth verbatim.

10.

Defendant can neither admit nor deny the allegations contained in Paragraph 10 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

11.

Defendant can neither admit nor deny the allegations contained in Paragraph 11 of

4911-0710-9981, v. 2

Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

12.

Defendant denies the allegations contained within Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

## COUNT II – LIABILITY OF DEFENDANTS QUIKTRIP CORPORATION, XYZ CORPORATION AND JOHN DOE

15.

In response to Paragraph 15 of Plaintiffs' Complaint, this Defendant incorporates by reference each response to Paragraphs 1 through 14 of Plaintiff's Complaint as if each answer was fully set forth verbatim.

16.

Defendant can neither admit nor deny the allegations contained in Paragraph 16 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

17.

Defendant denies the allegations contained within Paragraph 17 of Plaintiff's Complaint.

## COUNT III – VICARIOUS LIABILITY

18.

In response to Paragraph 18 of Plaintiffs' Complaint, this Defendant incorporates by reference each response to Paragraphs 1 through 17 of Plaintiff's Complaint as if each answer

4

was fully set forth verbatim.

19.

Defendant can neither admit nor deny the allegations contained in Paragraph 19 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

20.

Defendant can neither admit nor deny the allegations contained in Paragraph 20 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

## COUNT IV – NEGLIGENT HIRING, TRAINING & SUPERVISION

21.

In response to Paragraph 21 of Plaintiffs' Complaint, this Defendant incorporates by reference each response to Paragraphs 1 through 20 of Plaintiff's Complaint as if each answer was fully set forth verbatim.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant can neither admit nor deny the allegations contained in Paragraph 24 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

4911-0710-9981, v. 2

25.

Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore" paragraph of Plaintiff's Complaint.

27.

All remaining allegations contained in Plaintiff's Complaint not specifically admitted or denied herein are denied.

WHEREFORE, having fully answered, QUIKTRIP CORPORATION prays that it be discharged without costs.

**A TRIAL BY A JURY OF TWELVE IS DEMANDED.**

This 27th day of August 2025.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
404-881-2622
404-881-2630 (fax)
cbryant@cmlawfirm.com
awoodley@cmlawfirm.com

**CANDICE R. BRYANT**
Georgia Bar No. 807404
**ALEXIA WOODLEY**
Georgia Bar No. 158989
*Counsel for QuikTrip Corporation*

6

**IN THE STATECOURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

ALCIDEZ ANDRADE,                    )
                                    )
    Plaintiff,                    )
                                    )    **CIVIL ACTION**
v.                                  )    **FILE NO.** <u>**25SC-2060-B**</u>
                                    )
QUIKTRIP CORPORATION, JOHN          )
DOE & XYZ CORPORATION,              )
                                    )
    Defendants.                   )
                                    )

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFIY that I have this day electronically filed the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** with the Clerk of the Court using the PeachCourt e-filing system which will automatically send e-mail notification of such filing to the following counsel of record:

R. Keith Prater
Law Office of JOHNNY PHILLIPS, PC
12 Jackson Street
Newnan, GA 30263
johnny@johnnyphillipslaw.com
*Counsel for Plaintiff*

This 27th day of August, 2025.

                    **CRUSER, MITCHELL, NOVITZ,**
                    **SANCHEZ, GASTON & ZIMET, LLP**

Meridian II, Suite 2000              **CANDICE R. BRYANT**
275 Scientific Drive                 Georgia Bar No. 807404
Peachtree Corners, GA 30092          **ALEXIA WOODLEY**
404-881-2622                         Georgia Bar No. 158989
404-881-2630 (fax)                   *Counsel for QuikTrip Corporation*
cbryant@cmlawfirm.com
awoodley@cmlawfirm.com

7

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**25SC-2060-B**

Judge T. Russell McClelland
AUG 27, 2025 11:41 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ALCIDEZ ANDRADE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION** |
| **v.** | ) **FILE NO.**  25SC-2060-B |
| | ) |
| QUIKTRIP CORPORATION, JOHN | ) |
| DOE & XYZ CORPORATION, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### DEFENDANT QUIKTRIP CORPORATION 'S DEMAND FOR TRIAL
### BY A JURY OF TWELVE JURORS

COMES NOW **QUIKTRIP CORPORATION**, Defendant in the above-styled Civil

Action, and files this Demand for Trial by a Jury of 12 Jurors pursuant to O.C.G.A. § 15-12-

122(a)(2), which states as follows:

> In all civil actions in the state courts in which the claim for damages is greater than $50,000.00, either party may demand in writing prior to the commencement of the trial term that the case be tried by a jury of 12.  If such a demand is made, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

See also O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

**WHEREFORE**, demand is made for trial of this case by a jury of 12 as by law provided**.**

1

4898-2685-2961, v. 2

This 27th day of August 2025.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
404-881-2622
404-881-2630 (fax)
cbryant@cmlawfirm.com
awoodley@cmlawfirm.com

**CANDICE R. BRYANT**
Georgia Bar No. 807404
**ALEXIA WOODLEY**
Georgia Bar No. 158989
*Counsel for QuikTrip Corporation*

2

**IN THE STATECOURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

ALCIDEZ ANDRADE,                      )
                                      )
    Plaintiff,                        )
                                      )    **CIVIL ACTION**
v.                                    )    **FILE NO.  25SC-2060-B**
                                      )
QUIKTRIP CORPORATION, JOHN            )
DOE & XYZ CORPORATION,                )
                                      )
    Defendants.                       )
                                      )

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFIY that I have this day electronically filed the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S DEMAND FOR TRIAL BY A JURY OF TWELVE JURORS** with the Clerk of the Court using the PeachCourt e-filing system which will automatically send e-mail notification of such filing to the following counsel of record:

R. Keith Prater
Law Office of JOHNNY PHILLIPS, PC
12 Jackson Street
Newnan, GA 30263
johnny@johnnyphillipslaw.com
*Counsel for Plaintiff*

    This 27th day of August, 2025.

**CRUSER, MITCHELL, NOVITZ,**
**SANCHEZ, GASTON & ZIMET, LLP**

Meridian II, Suite 2000                **CANDICE R. BRYANT**
275 Scientific Drive                   Georgia Bar No. 807404
Peachtree Corners, GA 30092            **ALEXIA WOODLEY**
404-881-2622                           Georgia Bar No. 158989
404-881-2630 (fax)                     *Counsel for QuikTrip Corporation*
cbryant@cmlawfirm.com
awoodley@cmlawfirm.com

3

⊕ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**25SC-2060-B**

Judge T. Russell McClelland
AUG 27, 2025 08:03 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE STATECOURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **ALCIDEZ ANDRADE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) **CIVIL ACTION** |
| **v.** | ) **FILE NO.  25SC-2060-B** |
| | ) |
| **QUIKTRIP CORPORATION, JOHN** | ) |
| **DOE & XYZ CORPORATION,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFIY that I have this day served the within and foregoing
**DEFENDANT QUIKTRIP CORPORATION'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS** via statutory electronic service to the
following counsel of record:

R. Keith Prater
Law Office of JOHNNY PHILLIPS, PC
12 Jackson Street
Newnan, GA 30263
johnny@johnnyphillipslaw.com
*Counsel for Plaintiff*

This 27th day of August, 2025.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
404-881-2622
404-881-2630 (fax)
cbryant@cmlawfirm.com
awoodley@cmlawfirm.com

**CANDICE R. BRYANT**
Georgia Bar No. 807404
**ALEXIA WOODLEY**
Georgia Bar No. 158989
*Counsel for QuikTrip Corporation*

8

🖥 **EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**25SC-2060-B**
Judge T. Russell McClelland
AUG 27, 2025 08:03 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **ALCIDEZ ANDRADE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION** |
| **v.** | ) **FILE NO.  25SC-2060-B** |
| | ) |
| **QUIKTRIP CORPORATION, JOHN** | ) |
| **DOE & XYZ CORPORATION,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## DEFENDANT QUIKTRIP CORPORATION'S
## NOTICE OF FILING NOTICE OF REMOVAL

**TO:    Plaintiff Alcidez Andrade, c/o his attorney**

Pursuant to 28 U.S.C. § 1446(d), you are hereby notified that Defendant QuikTrip

Corporation has filed a Notice of Removal of the above-styled action to the United States

District Court for the Northern District of Georgia, Gainesville Division, a copy of which is

attached hereto and by reference made a part hereof.

This 27th day of August 2025.

                                        **CRUSER, MITCHELL, NOVITZ,**
                                        **SANCHEZ, GASTON & ZIMET, LLP**


Meridian II, Suite 2000                 **CANDICE R. BRYANT**
275 Scientific Drive                    Georgia Bar No. 807404
Peachtree Corners, GA 30092             **ALEXIA WOODLEY**
404-881-2622                            Georgia Bar No. 158989
404-881-2630 (fax)                      *Counsel for QuikTrip Corporation*
cbryant@cmlawfirm.com
awoodley@cmlawfirm.com

1

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| **ALCIDEZ ANDRADE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.** |
| **QUIKTRIP CORPORATION,** | § | |
| **JOHN DOE & XYZ** | § | |
| **CORPORATION** | § | |
| **Defendant.** | § | |
| | § | |

## DEFENDANT QUIKTRIP CORPORATION'S
## NOTICE OF REMOVAL

COME NOW, **QUIKTRIP CORPORATION,** Defendant in the above-styled civil action, and hereby removes Civil Action File No. SUCV2024002364 from the State Court of Forsyth County to the United States District Court for the Northern District of Georgia, Gainesville Division, pursuant to Fed. R. Civ. P. 81(c) and 28 U.S.C. §§ 1332, 1441 and 1446, and as grounds for its removal states as follows:

## STATEMENT OF THE CASE

### 1.

Defendant QuikTrip Corporation has been sued in a civil action brought in the State Court of Forsyth County, which is located within the Gainesville Division of the United States District Court for the Northern District of Georgia. Pursuant to 28

U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, orders and documents from the Superior Court Action have been attached as Defendant's Exhibit 1 (hereinafter "Ex. 1").

2.

The present matter is an action for damages for bodily injuries stemming from an April 5, 2024 incident alleged to have occurred at Defendant QuikTrip Corporation's gas station located at 2786 Chapel Hill Rd., Douglasville, GA 30135 (hereinafter "the subject incident").  Ex. 1, Complaint, ¶ 4.  Plaintiff makes claims against Defendant QuikTrip Corporation for special, general, compensatory, consequential damages.  *Id.*, Complaint, ¶¶ 1-25.

3.

The Complaint was filed on July 16, 2025, in the State Court of Forsyth County, Civil Action File No. 25SC-2060-B.  *See* Ex. 1, Complaint.  Defendant QuikTrip Corporation was served with the Summons and Complaint on July 28, 2025.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

4.

Upon information and belief, Plaintiff Andrade Alcidez is, and was at the time this lawsuit was filed, believed to be a citizen of the State of Georgia.  Defendant QuikTrip Corporation is, and was at the time this lawsuit was filed, a corporation

organized under the laws of the State of Oklahoma with its principal place of business in the State of Oklahoma. *Id.*, ¶ 1. Therefore, there is complete diversity of citizenship between the parties.

5.

Plaintiff alleges that as a result of the fall, "Plaintiff suffered bodily injuries, lost wages, and medical expenses." *See* Ex. 1, Complaint, ¶ 24. Plaintiff also alleges that the medical expenses in the amount of $57,847.17. *Id.* Plaintiff also alleges that they are "entitled to an award of special damages for medical expenses and lost wages in an amount to be shown at trial…" *Id.* Further, Plaintiff has made a settlement demand of $250,000.00.

6.

In determining whether the requisite $75,000.00 amount in controversy has been established, jurisdiction "is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1319 (11th Cir. 2001). In the present case, given the damages claimed by Plaintiff, it is facially apparent from Plaintiff's Complaint that the requisite $75,000.00 amount in controversy requirement has been met. Plaintiff's medical expenses alone total $57,847.17, and Plaintiff further asserts a claim for lost wages.

## **ALL PROCEDURAL REQUIREMENTS**
## **FOR REMOVAL HAVE BEEN SATISFIED**

7.

As QuikTrip Corporation has been served with the Summons and Complaint, and this Notice of Removal is being filed within 30 days from the date QuikTrip Corporation was served in this matter. Removal is, therefore, timely in accordance with 28 U.S.C. § 1446(b).

8.

Pursuant to 28 U.S.C. 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action. As such, Defendant QuikTrip Corporation expressly consents to the removal of this action and the requirements of 28 U.S.C. § 1446(b)(2)(A) have been met.

## **CONCLUSION**

By this Notice of Removal, Defendant QuikTrip Corporation does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Defendant QuikTrip Corporation intends no admission of fact, law or liability by this Notice and expressly reserve all defenses, motions and/or pleas.

WHEREFORE, Defendant QuikTrip Corporation prays that the case be removed to the United States District Court for the Northern District of Georgia, Gainesville Division.

This 27ᵗʰ day of August, 2025.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**


/s/ Candice R. Bryant

Meridian II, Suite 2000      **CANDICE R. BRYANT**
275 Scientific Drive      Georgia Bar No. 807404
Peachtree Corners, GA 30092      **ALEXIA WOODLEY**
404-881-2622      Georgia Bar No. 158989
404-881-2630 (fax)      *Counsel for QuikTrip Corporation*
cbryant@cmlawfirm.com
awoodley@cmlawfirm.com


## CERTIFICATE OF COMPLIANCE

Undersigned counsel certify the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(C).

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the undersigned has this day electronically filed the within and foregoing **DEFENDANT'S NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

R. Keith Prater
Law Office of JOHNNY PHILLIPS, PC
12 Jackson Street
Newnan, GA 30263
johnny@johnnyphillipslaw.com
*Counsel for Plaintiff*

This 27th day of August, 2025.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
404-881-2622
404-881-2630 (fax)
cbryant@cmlawfirm.com
awoodley@cmlawfirm.com

/s/ Candice R. Bryant
**CANDICE R. BRYANT**
Georgia Bar No. 807404
**ALEXIA WOODLEY**
Georgia Bar No. 158989
*Counsel for QuikTrip Corporation*

## IN THE STATECOURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ALCIDEZ ANDRADE, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | **FILE NO. 25SC-2060-B** |
| | ) | |
| QUIKTRIP CORPORATION, JOHN | ) | |
| DOE & XYZ CORPORATION, | ) | |
| | ) | |
|    Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFIY that I have this day electronically filed the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S NOTICE OF FILING NOTICE OF REMOVAL** with the Clerk of the Court using the PeachCourt e-filing system which will automatically send e-mail notification of such filing to the following counsel of record:

R. Keith Prater
Law Office of JOHNNY PHILLIPS, PC
12 Jackson Street
Newnan, GA 30263
johnny@johnnyphillipslaw.com
*Counsel for Plaintiff*

This 27th day of August, 2025.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**CANDICE R. BRYANT**
Georgia Bar No. 807404
**ALEXIA WOODLEY**
Georgia Bar No. 158989
*Counsel for QuikTrip Corporation*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
404-881-2622
404-881-2630 (fax)
cbryant@cmlawfirm.com
awoodley@cmlawfirm.com

2